UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MICHAEL S. MACK,

        Petitioner,

       v.                                                    Case No. 10-C-1109

JUDY P. SMITH,

        Respondent.

DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DISMISSING CASE, AND GRANTING CERTIFICATE OF APPEALABILITY ON ONE ISSUE

Michael S. Mack was charged with first degree sexual assault of a child and incest with a child. A Kenosha County Circuit Court jury convicted him of both counts on September 27, 2007, and the court imposed a sentence of five years of incarceration and fifteen years of extended supervision. Mack petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254, asserting three grounds for relief: (1) multiplicity, (2) insufficiency of the evidence, and (3) violation of his right against self-incrimination at sentencing. Respondent admits that the petition was timely filed.

PROCEDURAL BACKGROUND

Mack was tried and convicted of first degree sexual assault of a child and incest with a child (his daughter). At trial and through the state court appeal he was represented by counsel. The state and the defense had opportunity to present evidence and cross-examine witnesses.

The main evidence the state presented at trial was testimony from the victim. (*See* Doc. 10 at 177-78; Doc. 14.) However, as argued by Mack, the victim admitted several prior inconsistent statements in addition to testifying regarding sexual contact. Earlier, the victim denied sexual contact with her father during statements to the police and her

grandmothers. (*See* Doc. 11 at 205-06, 210-11, 216, 218, 279, 292, 306, 318.) Other evidence included a videotaped interview of the victim by a social worker and testimony from a police detective related to the victim's statement. (*See* Doc. 10 at 177-78.) After hearing all of the evidence, the jury found that petitioner committed both offenses. (Doc. 11 at 444-45.)

Mack moved for postconviction relief, arguing that charges were multiplicitous in violation of the double jeopardy clause and that sentencing was improper because of an inadmissable statement in the presentence report. (Doc. 11 at 495-98.) The trial court denied the motion. Mack appealed the convictions on the same two grounds while adding an argument that the evidence admitted at trial was insufficient to establish guilt of either offense. (Doc. 10 at 79-99.) The Wisconsin Court of Appeals affirmed. (Doc. 10 at 170-78.) Mack sought review of the three issues in the Wisconsin Supreme Court and that court denied the petition for review without opinion. (*See* Doc. 10 at 251.)

Mack's arguments in this court are largely the same as those he made to the state appellate courts. Although here Mack asserts anew a sufficiency-of-the-evidence ground, for the other two issues he stands on the arguments presented in his appellate and trial briefs. (Doc. 12 at 12; Doc. 14 at 18.)

DISCUSSION

The court may grant a writ of habeas corpus only if a state court decision was contrary to or involved an unreasonable application of clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d) (2012). A state court decision is "contrary to" Supreme Court law if it is opposite a conclusion the Supreme Court reached on a question of law or if the decision was decided differently than the Supreme Court on facts that are materially indistinguishable. *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000). A state court decision is an "unreasonable application" of Supreme Court law if it identifies

2

the correct governing legal principal but applies it to the facts unreasonably. *Id.* at 407-09, 413. Analysis under the "unreasonable application" prong begins with "ask[ing] whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. A state court's factual determination is presumed correct and a petitioner must rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011).

The relevant state court decision is the decision of the last state court to review the issue. *Lucas v. Montgomery*, 583 F.3d 1028, 1030 (7th Cir. 2009). In this case, the Wisconsin Court of Appeals was the last court to discuss the issues on the merits.

Mack does not argue that the decision of the court of appeals was contrary to any clearly established Supreme Court law. (*See* Doc. 14.) Instead, his arguments concern the unreasonable-application standard. However, as shown below, no unreasonable application of Supreme Court law occurred.

A.  Multiplicity

Mack contends the two charges of which he was convicted are multiplicitous. The double jeopardy clause of the Fifth Amendment provides that no "person be subject for the same offence to be twice put in jeopardy." U.S. Const. amend. v. A violation occurs if two statutory provisions constitute the same offense. *See Blockburger v. United States*, 284 U.S. 299 (1932). To determine if two offenses are the same the court must apply the "elements only" test outlined in *Blockburger*: "whether each provision requires proof of a fact which the other does not." *Id.* at 304. Thus, under this test, two crimes are distinct if "each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993). The court focuses "on the statutory elements of the charged

3

offenses, not the overlap in the proof offered to establish them." *United States v. Muhammad*, 120 F.3d 688, 703 (7th Cir. 1997) (citing *Albernaz v. United States*, 450 U.S. 333, 338 (1981)).

If two offenses differ in at least one element, there is a presumption that the legislature intended to permit cumulative punishments. *See Albernaz,* 450 U.S. at 340. A party can overcome the presumption if he establishes "a clear indication of contrary legislative intent." *Whalen v. United States*, 445 U.S. 684, 691–92 (1980); *see Albernaz*, 450 U.S. at 340.

Mack was convicted of first-degree sexual assault of a child and incest with a child. *See* Wis. Stat. § 948.02(1)(e); Wis. Stat. § 948.06(1). To be guilty of first-degree sexual assault of a child a defendant must (1) have sexual contact with a person (2) who has not attained the age of thirteen. Wis. Stat. § 948.02(1)(e) (2003-2004).[1] To be guilty of incest with a child a defendant must (1) have sexual contact with a child; (2) whom he knows is related, either by blood or adoption; and (3) the relationship is a degree of kinship closer than second cousin. Wis. Stat. § 948.06(1) (2003-2004). Child is defined as "a person who has not attained the age of 18 years." Wis. Stat. § 948.01(1) (2003-2004).

Here, the Wisconsin Court of Appeals applied the *Blockburger* test and determined the charges were not multiplicitous. The court compared the two statutes and identified an element of each statute that the other did not contain.

The Wisconsin Court of Appeals was not wrong. The incest charge has two elements that first degree sexual assault of a child does not: the child is related to the defendant more closely than a second cousin and the defendant knows of the relationship. First degree sexual assault of a child does not require the victim to be related to the

---

[1] Petitioner was convicted under the 2003-2004 version of the Wisconsin statutes. (*See* Doc. 10 at 171 n.1.)

4

defendant. Moreover, the first-degree sexual assault charge has a different age requirement for the victim than the incest charge, i.e., under thirteen rather than under eighteen. The court of appeals noted correctly that "if a defendant knowingly had sexual contact with a child between the ages of 14 and 17 who was related to him by a degree of kinship closer than second cousin, he would be guilty of incest with a child but would not be guilty of first-degree sexual assault of a child." (Doc. 10 at 173 n.3). And if a defendant had sexual contact with a ten-year-old nonrelative, he would not be guilty of the incest crime. Each statute has one or more elements not present in the other, and it is possible for each statute to be violated without violating the other.

Mack's argument is a factual one—that because the victim in his case was under thirteen, he could be guilty of both crimes. But again, the court focuses on the statutory elements, not the circumstances or proof in this particular case.

As noted by the court of appeals, Mack has failed to identify any legislative history that establishes that a single penalty was intended. *Whalen*, 445 U.S. at 691–92. Additionally, he made no legislative intent argument in his brief to this court or to the court of appeals. Hence, this court finds that the Wisconsin Court of Appeals' decision was correct under Supreme Court law and that the decision was not an unreasonable application of that law. It follows that habeas relief is not warranted on Mack's multiplicity claim.

B.  Sufficiency of the Evidence

Next, Mack argues that the prosecution failed to produce sufficient evidence at trial to support a finding of guilt for either charge. The due process clause is violated if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt on the evidence presented. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see In re Winship*, 397 U.S. 358, 364 (1970). The relevant question is "whether,

after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.[2]

The court must give deference to a jury's balancing of evidence at trial. *Id.* The *Jackson* standard

> gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

*Id*. at 319. It is the role "of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, 565 U.S. \_\_\_, 132 S. Ct. 2, 3 (2011). It is the role of the jury to determine "which witnesses to believe, and which part of those witnesses' testimony to believe." *United States v. Patterson*, 23 F.3d 1239, 1244 (7th Cir. 1994) (footnote omitted). If the record "supports conflicting inferences [the court] must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326.

Questions of witness credibility are for the jury. "When a jury has chosen to credit crucial testimony with full knowledge of the many faults of the witness providing it, [the courts] have no basis to interfere, as the jury is the final arbiter on such questions." *United States v. Alcantar*, 83 F.3d 185, 189 (7th Cir. 1996). Only if the defendant shows that the testimony was incredible as a matter of law, i.e., unbelievable on its face, can the jury's

---

[2]While the Wisconsin Court of Appeals did not cite *Jackson*, its analysis recited the same standard. (*See* Doc. 10 at 176-77.) Similarly, Mack did not cite Supreme Court precedent to support his argument, but used language that mirrors the language of *Winship* and *Jackson*. (*See* Doc. 14 at 21 ("None of the evidence . . . can fulfill the state's . . . requirement to prove sexual contact did in fact occur beyond a reasonable doubt.").)

6

credibility determination be challenged. *Id.* Such circumstances are narrow: if it was physically impossible for the witness to observe what he described or impossible under the laws of nature for the events to have occurred at all. *Id.* Testimony is *not* incredible as a matter of law merely because the witness was impeached by certain discrepancies or prior inconsistent statements. *Id.*

Mack contends that the only testimony presented at trial was the testimony of the victim and that there was enough contradictory testimony to make that testimony insufficient to support a finding of guilt. (*See* Doc. 14.) In support, he quotes the victim's trial testimony extensively as well as the testimony of an interviewing officer regarding the victim's inconsistent statements.

Sexual contact for purposes of both statutes includes intentional touching of the penis, whether direct or through clothing, for the purpose of sexually arousing or gratifying the defendant. Wis. Stat. §§ 948.01(5), 939.22(19) (2003-04). As pointed out by the court of appeals, the victim testified that Mack asked her "to put his hand—my hand on his private part, and I said no, so then he took my hand and put it on his private part." (Doc. 10 at 201; Doc. 11 at 177.) The court also pointed out that "the jury viewed a videotaped interview of the victim conducted by a social worker." (Doc. 11 at 177-78.) In the video the victim stated that Mack took her hand, placed it on his privates and moved it around. (*Id.*) The victim was also able to identify the penis is where Mack put her hand. (*Id.*) In addition, the jury heard testimony regarding the victim's statement to police that the word "privates" meant penis. (Doc. 11 at 308.) This information is sufficient for a reasonable jury to conclude that Mack moved the victim's hand onto his penis for his sexual gratification in violation of the statutes.

Mack points out the many instances when the victim denied to police officers or her grandmothers that he had committed this act. But it was up to the jury to determine

7

whether the victim was telling the truth at trial; it was up to the jury to determine which statements of the victim to believe. The jury was not required to disregard all of the victim's testimony because she had made inconsistent statements in the past. According to Mack, the victim's prior inconsistent statements mean that her entire statement was not credible. (*See* Doc. 12 at 13.) But consideration of the victim's testimony at trial was not an all or nothing matter; the jury could choose which statements to believe. Contrary to Mack's belief, the jury *could* conclude that some of the victim's statements were credible and others were not. (*See id.* ("One can not conclude that only a small portion of the statement is credible and that other portions are not credible. Creditability [sic] applies to the entire statement as a whole.").)

Also, Mack contends that the evidence negated any intentional conduct on his part. He quotes part of the victim's statement to police that he "told me that he was sorry and that he didn't mean to do that." (Doc. 14 at 13 (quoting Doc. 11 at 309).) However, he misrepresents the facts by dropping the final part of the sentence—"and told me not to tell anyone" (Doc. 11 at 309)—which suggests consciousness of guilt. (He similarly left out the victim's testimony as to why she made prior inconsistent statements—Mack told her not to tell anyone or was in the room when she was asked questions. (*See* Doc. 11 at 205, 206.))

This court may grant habeas relief only if the court of appeals unreasonably applied the *Jackson* standard to the facts of the case. However, because the state court determined the matter under *Jackson* correctly, it applied the standard reasonably.

C.   Self Incrimination

Mack's final argument is that the inclusion in the presentencing report of a statement he made to police violated his Fifth Amendment right against self incrimination. The court of appeals concluded that Mack's constitutional rights were not violated "for multiple

reasons." (Doc. 10 at 174.)  First, he failed to preserve the issue for appeal.  (Doc. 10 at 174-75.)  Second, he was unable to show relief was warranted on the merits of the claim. (Doc. 10 at 175.)

Failure to preserve a claim for appeal is a state law issue. A federal court may grant a habeas petition only if the state court's decision "fairly appear[s] to rest primarily on federal law or to be interwoven with federal law." *Coleman v. Thompson*, 501 U.S. 722, 735 (1991), *abrogated on other grounds by Martinez v. Ryan*, 139 S.Ct. 1309 (2012). Failure to follow a state's procedural rules "will normally qualify as an independent and adequate state ground for denying federal review." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). "A finding of waiver by the state postconviction court is enough to establish an adequate and independent state ground." *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). And a federal court is barred from hearing a claim decided under state law even if the state court addressed the federal issue. *See, e.g., Farmer v. Prast*, 721 F.2d 602, 606 (7th Cir.1983) ("The Wisconsin Court of Appeals, in affirming the trial court in the case at bar, relied both on appellant's failure to object immediately to the trial judge's alleged error and on the shortcomings of appellant's constitutional claims. We need not consider the constitutional claims because appellant has failed to establish an adequate cause for the failure to object in timely fashion.").

In this case, the Wisconsin Court of Appeals decided that Mack had not preserved the claim for review at the trial court. (Doc. 10 at 174.) The state did not use the statement at trial. Nevertheless, Mack did not file a motion to suppress the statement, seek a hearing on the matter, or object to the inclusion of the statement in the presentence report. On the other hand, he contends that it was the state's burden to show that the statement was legally obtained. However, the state appellate court found that it was Mack's burden to object and he did not do so. Therefore, this court cannot conflict with the state court's

9

interpretation of and reliance on its own procedures. The appellate court's consideration of the merits of this claim does not allow this court to consider the merits inasmuch as Mack's independent state-law waiver precludes this court from granting his habeas petition.

Lastly, Mack can show no federal constitutional violation. He argues extensively that his Fifth Amendment right against self-incrimination continued through sentencing, yet fails to suggest how the right was violated. For instance, he does not contend that *Miranda*[3] warnings were not given, that questioning continued after he requested an attorney, or that he made a statement under duress or otherwise involuntarily.

## CERTIFICATE OF APPEALABILITY

An unsuccessful habeas petitioner has no right to appeal the denial of his petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 335 (2003). Before a habeas petitioner may take an appeal to the Seventh Circuit, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El*, 537 U.S. at 335-36. A certificate of appealability issues only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes a "substantial showing" by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The certificate of appealability determination is not a second assessment of the merits. *See Miller-El*, 537 U.S. at 327, 336. Instead, the determination requires only a threshold inquiry into the debatability of the district court's decision—"an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. The

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

10

petitioner need not demonstrate that the appeal will succeed. *Id.* at 337. A claim may be debatable even though every jurist, after full consideration of the merits of the case, would decide against the petitioner. *Id.* at 338; *see also Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) ("[C]ertificates properly issue in many cases in which the prisoner will fail on full merits review.").

If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Davis*, 349 F.3d at 1028, 1029. If the court denies the request for a certificate of appealability, it must state its reasons. Fed. R. App. P. 22(b)(1).

The court will issue a certificate of appealability as to the multiplicity issue. The incest statute clearly contains elements outside those of the first-degree-sexual-assault-of-a-child statute. But, notwithstanding applicable law, reasonable jurists could debate whether the first-degree statute is a lesser-included offense of the incest statute on the facts of this case. In other words, reasonable jurists could debate the validity of the element-by-element test when a finding that a child incest victim is under thirteen results in violation of both statutes.

Neither of the other issues deserves encouragement to proceed further, nor is the denial of each issue debatable among jurists of reason. As discussed above, Mack's sufficiency of the evidence argument is based on his mistaken belief that credibility of a witness is an all-or-nothing affair for the jury and that any inconsistent statement renders a witness completely incredible. And two reasons bar the issue of the presentencing-report statement, one of them being an independent state-law waiver. The court does not believe jurists of reason would differ as to either of these issues. Thus, Mack has not made a substantial showing of the denial of any constitutional right regarding those two claims.

CONCLUSION

Consequently,

IT IS ORDERED that Mack's petition for a writ of habeas corpus is denied and this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability issues as to the multiplicity issue but is denied as to the other two issues.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE